PeaesoN, J.
The bill is not multifarious. The plaintiff claims the same futid in two rights : First, in his own right, *24 and secondly, as administrator of his mother, -of whom he is the next -of kin. -So, it was proper to allege both titles ; for if one fails, he may entitle himself to a decree under the other, and thus put an end to the litigation. It may be that Daniel Lytch will be a necessary party for the purpose of having his disclaimer set out in a manner to conclude him; but as the bill alleges a disclaimer on his part, which, at this stage of the proceeding, is admitted by the demurrer, that objection is not fatal.
In respect to the original share of the plaintiff’s mother, there will be an interesting question of construction; but it is not necessary to enter upon it at the present time, for there is no doubt that the plaintiff is entitled to the share which accrued to his mother, as one of the survivors, upon the death of Elizabeth Priest, intestate and without issue. Hilliard v. Kearney, Bus. Eq. 221; Payne v. Benson, 3 Atk. Rep. 78. The demurrer being bad, as to this part, is bad as to the whole. This is a well-settled rule of Equity pleading. Adams’ Eq. 335.
There is error. The demurrer is overruled, and the defendants required to answer. ,
Per OueiaM. Decree accordingly.